1  PHILLIP A. TALBERT
   United States Attorney
2  LAURA JEAN BERGER
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,               CASE NO.  1:21-CR-00097-DAD-BAM

12                          Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                           ORDER

14  SCOTT GORDON JAMES,                      DATE: August 10, 2022
                                             TIME: 1:00 p.m.
15                          Defendant.       COURT: Hon. Barbara A. McAuliffe

16

17                              **BACKGROUND**

18         This case is set for status conference on August 10, 2022.  On May 13, 2020, this Court issued

19  General Order 618, which suspends all jury trials in the Eastern District of California "until further

20  notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,

21  excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

22  on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

23  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

24  exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

25  counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

26  impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous

27  General Orders were entered to address public health concerns related to COVID-19.

28         Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status conference on August 10, 2022.

2.      By this stipulation, defendant now moves to vacate the status conference in order to set a Change of Plea hearing for September 6, 2022 before United States District Court Judge Dale A. Drozd, and to exclude time between August 10, 2022, and September 6, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

    a)      The government has represented that the discovery associated with this case includes audio recordings, data and transcripts of telephone calls intercepted through Court-authorized electronic surveillance, case agent reports, audio and video recordings, photographs, and laboratory reports.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b)      Counsel for defendant desires additional time to conduct further investigation into the case and its resolution.  Counsel for the government and counsel for defendant reasonably believe that the case will resolve pursuant to a plea on September 6, 2022.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and in any event if the case does not resolve pursuant to the plea as anticipated, counsel for defendant believes that the lack of a continuance would deny him the reasonable time necessary for effective preparation in the event of a trial.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case as the defendant's pretrial detention was effectuated pursuant to a writ of habeas corpus ad prosequendum because the defendant is serving a state prison sentence concurrently to his pretrial detention in the instant case. *See* Doc. No. 77.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 10, 2022 to September 6, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

///

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

Dated:  July 28, 2022                        PHILLIP A. TALBERT
                                             United States Attorney


                                             /s/ LAURA JEAN BERGER
                                             LAURA JEAN BERGER
                                             Assistant United States Attorney


Dated:  July 28, 2022                        /s/ CHRISTOPHER COSCA
                                             CHRISTOPHER COSCA
                                             Counsel for Defendant
                                             SCOTT GORDON JAMES




## ORDER

IT IS SO ORDERED that the status conference set for August 10, 2022, is vacated. A change of plea hearing is set for **September 6, 2022, at 9:00 a.m. before District Judge Dale A. Drozd**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:    **July 28, 2022**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE